J-S57028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| A.J.M.M., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J.R.M., SR., | |
| Appellant | No. 73 WDA 2016 |

Appeal from the Order December 16, 2015
In the Court of Common Pleas of Crawford County
Domestic Relations at No(s): D.R. No. 2011-537

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:               **FILED SEPTEMBER 15, 2016**

J.R.M., Sr.[1] ("Father") appeals from the December 16, 2015 child support order entered in the Crawford County Court of Common Pleas. We affirm.

The trial court set forth the factual and procedural history of this case in its December 16, 2015 decision.  Memorandum, 12/16/15, at 1–4.  For purposes of our review, the following summary is relevant:  Father and A.J.M.M. ("Mother") are the parents of two minor daughters, seventeen-year-old A.M. and thirteen-year-old E.M. (collectively "the Children").

_____

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  Because this case affects minor children, we have abbreviated the parties' names.

Father is employed by McCormick and Company with monthly earnings of $7,662.84; his percentage of support is 75.48. Mother is a counselor with monthly earnings of $2,489.38; her percentage of support is 24.52. A.M. attends Villa Maria High School, is an artist, and participates in water polo. She was previously engaged in horseback riding. E.M. attends Calvary Baptist School, is an equestrian, and participates in swimming and golf.

Father and Mother agree that the basic child support amount of $1,503.56 is appropriate. The parties' dispute centers on the costs of the Children's private schooling, horseback riding, art, swimming, water polo, and golf.

Due to the increased costs of the Children's activities, Father filed a petition to modify support. Petition to Modify Support, 4/1/15. An interim order was entered, directing Father to pay $3,160 as monthly support of the Children. Order, 5/29/15. Father requested a demand hearing, which the trial court held on December 4, 2015. Mother and Father testified at the hearing and their exhibits were admitted by stipulation. N.T., 12/4/15, at 5. Following the hearing, the trial court filed an order, establishing Father's monthly support obligation to be $3,065. Order, 12/16/15. Father filed a timely appeal and along with the trial court, complied with Pa.R.A.P. 1925.

On appeal, Father presents three questions for our consideration:

A. Whether the trial court erred and/or abused its discretion in granting [Mother] sole authority in determining activities and how much to spend on them regardless of reasonableness and available income.

B.      Whether the trial court erred and/or abused its discretion in calculating the reasonableness and allocation of costs for the children's activities.

C.      Whether the trial court erred and/or abused its discretion in calculating the cost and allocation of private school tuition.

Father's Brief at 4 (full capitalization omitted; reordered for ease of disposition).[2]

Our standard of review of a trial court's decision in a support case is well settled:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note

_____

[2]   We are compelled to comment that Father has failed to comply with Pa.R.A.P. 2119(a), which states:

> The argument shall be divided into as many parts as there are question to be argued; and shall have at the head of each part— in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Although Father's organization of his argument does not correspond with the issues presented and does not facilitate our review, "it does not impair our review to the extent that we would decline to address the issues on this basis." **Lemenestrel v. Warden**, 964 A.2d 902, 910–911 n. 5 (Pa. Super. 2008).

that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Kimock v. Jones*, 47 A.3d 850, 853–854 (Pa. Super. 2012) (citations omitted).

Father first argues that the trial court erred and abused its discretion by essentially granting Mother "sole decision-making authority in determining the Children's activities." Father's Brief at 7. According to Father, the trial court should have applied the "shared legal custody" standard to decisions regarding the Children's activities and associated costs rather than Mother "deliberately exclude[ing] Father when making decisions to greatly increase sports and activities costs. . . ." *Id.* at 8. In response, Mother argues that the "shared legal custody" standard is appropriate for addressing "whether any party had violated the terms of the custody order as it relates to legal custody," not for determining "the costs and reasonableness of the expenses associated with the [C]hildren's activities." Mother's Brief at 5.

The trial court observed:

> Father is absent almost entirely from the lives of his children but for his payment of child support. The custody order of June 18, 2013 affords Father shared legal custody of the [C]hildren and grants him periods of partial custody. He has not availed himself of the custodial rights to which he is entitled.
>
> * * *
>
> The general principal is that a parent's duty to support [his] children is absolute and the purpose of child support is to promote the children's best interests. *Silver v. Pinskey*, 981

- 4 -

>A.2d 284, 296 (Pa. Super. 2009). This [c]ourt finds that it serves the best interests of the [C]hildren that they attend private school, participate in horseback riding, art, swimming, water polo, golf and such other activities as are reasonable and necessary to aid them in their maturity and growth.

Trial Court Memorandum and Order, 12/16/15, at 6–7.

Our review of the record reveals no basis on which to disturb the trial court's ruling. Despite Father's right to partial custody of the Children, Mother essentially exercises exclusive custody. While Father contributes financially to the Children's well-being, Mother observes first-hand how the Children have benefitted and excelled as a result of participating in sports and extracurricular activities. N.T., 12/4/15, at 20–22, 24–25, 31–37. Moreover, we reject Father's assertion that Mother "unilaterally increased" the costs of art lessons, swimming, water polo, and horseback riding expenses. Father's Brief at 8. Rather, Mother allowed the Children to participate and grow in their activities to the point of becoming "more skilled," "extremely accomplished," "good time management folks," and "competing at higher levels." N.T., 12/4/15, at 21, 37, 48. As Mother observed, "[G]rooming . . . skill to a higher level . . . costs more money." *Id.* at 48. The trial court implicitly credited Mother's testimony, and Father does not challenge that determination. Trial Court Memorandum and Order, 12/16/15, at 3, 7, 8; Father's Brief at 9. Finally, we agree with Mother's argument: "Father's appropriate remedy for voicing concern with the appropriateness of the [C]hildren engaging in activities and the costs

associated therewith is through the custody docket . . . not through the domestic relations docket." Mother's Brief at 5. Thus, we conclude that Father's first claim of trial court error lacks merit.

Father addresses his second and third claims of error together. According to Father, "The trial court erred and abused its discretion when determining the reasonableness of the [C]hildren's private school tuition, horseback riding, art, and water polo/swimming expenses." Father's Brief at 8. Father insists that he "is not contesting the trial court's credibility determinations, the reasonableness of the [C]hildren participating in their sports and activities, or the percentages of allocation. Instead, the problem lies in the actual costs requested by Mother." Father's Brief at 9. For example, Father questions why he must pay for E.M. "to ride two horses when the child riding one horse was already deemed therapeutic." *Id.* at 10.

Mother posits that, because Father does not contest the trial court's credibility determinations, "[i]t follows that . . . Father agrees that the costs incurred are the actual costs incurred and adopted by the trial court as true and correct. Thus, the actual costs incurred are supported by [Mother's] credible evidence and are binding upon the Superior Court." Mother's Brief at 6. We agree.

With regard to Mother's evidence, the trial court opined as follows:

Mother prepared a thorough and well documented set of exhibits, establishing the validity of all expenditures incurred by

her for calendar year 2015 relating to the various activities that the two children, [A.M.] and [E.M.], are engaged in, as well as the expenses incurred in connection with their attendance at private school.

* * *

The documentation supplied by Mother amply supports the [c]ourt's findings that the table below represents a true and correct monthly itemization of the expenses incurred for each of the activities listed.

| [A.M.] | Expense ($) | [Father] (74.48 %) | [Mother] (25.52 %) |
|---|---|---|---|
| | | | |
| Villa | 884.00 | | |
| Art | 365.00 | | |
| Water Polo | 80.00 | | |
| Total | 1,329.00 | 990.0[0] | 339.00 |

| [E.M.] | | [Father] (74.48 %) | [Mother] (25.52 %) |
|---|---|---|---|
| | | | |
| Calvary Baptist | 371.00 | | |
| Horseback Riding | 1,166.00 | | |
| Swimming | 226.00 | | |
| Golf | 81.00 | | |
| Total | 1,618.00 | 1,205.00 | 413.00 |

Trial Court Memorandum, 12/16/15, at 3–4.

Our review of the certified record confirms that the trial court's findings with regard to Mother's expenses for the Children's education and activities are supported by credible testimonial and documentary evidence. N.T., 12/4/15, at 16–38; Mother's Exhibits 1–24. Moreover, as we observed above, the Children have grown and advanced in their activities: E.M. is involved in two equestrian disciplines, A.M.'s art includes multiple mediums, and advancement in an extracurricular activity leads to an increase in costs.

N.T., 12/4/15, at 20, 33, 48. Thus, in light of the trial court's supported factual findings, we discern no error in its conclusions that the Children's education and activities serve their best interests and that the associated expenses are reasonable and necessary. Trial Court Memorandum, 12/16/15, at 7–8.

Lastly, we address Father's complaints that the trial court (a) "failed to adjust Father's contribution to the private school expenses after Mother's inactions caused [financial] aid to be lost," and (b) failed "to consider the financial aid given to Mother but not reported to Father." Father's Brief at 9. We conclude that no relief is due.

At the hearing, Mother explained that, as in years past, she filed the 2014 aid application with her 2013 tax form based on information from the school, which turned out to be incorrect. N.T., 12/4/15, at 27–29. She further testified, "[T]he Diocese wasn't even given [sic] that much money this year anyway because they had a huge problem at one of the schools of like $300,000. . . . Everybody got lower scholarships and I got more money than I had ever gotten for scholarship because [E.M.] got a thousand dollars." *Id.* at 30.

The trial court accepted Mother's explanation:

> [Mother] didn't have her 2014 tax return anyway so she couldn't have it submitted anyway, but notwithstanding, it explains why she awaited some response after believing that she had successfully made the proper application and when she did learn later that it was incomplete, then she came to realize that

she relied, from what she understood the conversation to be, on information that was inadequate.

N.T., 12/4/15, at 30–31. Based on the record and the trial court's credibility determinations, we consider Father's first financial aid argument disingenuous.

In response to Father's second financial aid argument, we note that he makes bald accusations about previous financial aid received by Mother but not reported to him. Father's Brief at 10–11. However, he offers no citations to authority or the record to support his position. Thus, this claim is waived. Pa.R.A.P. 2119(a); **S.M.C. v. W.P.C.**, 44 A.3d 1181, 1189 (Pa. Super. 2012).[3]

Order affirmed.

P.J.E. Ford Elliott joins the Memorandum.

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2016

_____

[3] Arguably, as Mother suggests, this claim "is a matter appropriately addressed through contempt." Mother's Brief at 8.